ELLIS, Judge.
The State of Louisiana, through the Department of Highways, is the defendant in this suit which seeks damages for personal injuries alleged to have been suffered by the plaintiff as a result of the negligence of the agents and employees of the Department of Highways.
Various exceptions were overruled, answer was filed, and upon the merits judgment was rendered against the plaintiff, dismissing the suit from which judgment plaintiff has appealed.
The accident which forms the basis of this law suit, happened upon a state highway in the Parish of Washington at about 8:00 P.M. February S, 1949., Plaintiff claims that while driving his truck in a northerly direction at the approximate speed of 30 miles per hour the front wheels of his vehicle fell into a trench across the highway, which caused his truck to overturn and injure him. The petition alleged that on the afternoon prior to the accident, agents and employees of the defendant, acting within the scope and course of their employment, were engaged in repairing and maintaining the highway at the scene of the accident; that a machine being used for ditching became bogged down and a caterpillar tractor was used to extricate it; that the tractor was on the highway in a diagonal position, and while engaged in pulling the machine from the ditch the tracks of this tractor dug two trenches in the surface of the highway, which was graveled; that the said trenches were approximately 18 inches in width, 15 inches'in length, and 16 inches in depth; that after the ditching machine was pulled back upon the highway, all of the machinery being used at the particular location was moved away at approximately 4:00 P.M. and the trenches were left with no warnings or signs, thus creating a hazard, which amounted to gross negligence:
*166 The Lower Court in written reasons found that some time prior to the accident the agents and employees of the defendant had been engaged in repairing the highway. Further, that two trenches were cut across the surfaqe of the highway, as the petition alleges. However, these reasons, after treating the testimony of various witnesses, concluded the plaintiff has failed to prove his case.
The testimony of two witnesses, employees of the defendant, who were engaged in repairing the road, but who were no longer employed by the Department of Highways, states that the tractor did make some holes or trenches in the road, but these were only some two or three inches deep and that they were filled with gravel from the road before they left work upon the afternoon of the date of the accident. An uncle-in-law of the plaintiff stated the trenches made by the tractor were about 8 inches in depth, but that they were filled with gravel before the employees left that part of the highway. The foreman on the particular repair work in question, no longer employed by the defendant, and the Parish Maintenance Engineer, both stated they visited the scene of the accident Monday morning after the Saturday night the accident occurred, and that there were no trenches nor holes there other than those ordinarily caused by vehicles traveling upon a gravel road. One witness who traveled past the scene shortly after the accident, spoke to the plaintiff at the hospital, and drove back over the same highway, testified he was unable to find any trenches in the highway as described by the plaintiff. A school bus operator who was used to making daily trips upon the highway in question with the exception of Saturday and Sunday, stated he had been past the scene of the accident the day before it occurred and after the ditching machine had been taken away from the site. He said there were no such trenches as claimed by the plaintiff. The rural mail carrier who traveled past the site every day except Sunday noticed no unusual holes, nor did he see any trenches. A man and his wife who came to the assistance of the plaintiff, noticed no unusual holes or trenches.
The trial court noted, “the plaintiff has produced four witnesses, the two Barbers and the two Neilsens, who testified that there was a considerable depression in the road in the vicinity of where this accident happened, but I am of the opinion that their testimony cannot outweigh the testimony of the many witnesses heretofore commenced upon, and for this reason, I am of the further opinion that the plaintiff has failed to prove his case by a preponderance of the evidence.”
The cases requiring that a plaintiff prove his claim by a preponderance of the evidence are legion in our jurisprudence.
Finding no manifest error, the judgment of the District Court is affirmed.